## Robert Hadden and another v. George E. Shortridge and others.

*Partnership: Evidence.*    The unity of interests in plaintiffs who claim as partners, is not necessarily to be shown by direct proof: it may be established by circumstances; and where the circumstances shown have some tendency to prove the fact, and the question has been properly left on the evidence to the jury, their verdict will not be disturbed on error upon the ground of the insufficiency of the evidence.

*Evidence: Hearsay: Incompetency: Irrelevancy.*    Judgment will not be reversed because hearsay evidence that is not irrelevant has been admitted without objection at the time; by allowing such evidence to be introduced without objection a party treats it as competent, and is thereby precluded from raising the question on error.

*Heard April 25.    Decided April 29.*

Error to Oakland Circuit.

*Minock & Baker,* for plaintiffs in error.

*B. L. Ransford,* for defendants in error.

GRAVES, J.

The defendants in error sued as co-partners and alleged their firm name to be "Shortridge, Rutherford & Co." Judgment passed in their favor in the court below, and a revision is claimed in this court on a bill of exceptions. The only question in the case is whether the court erred in giving the case to the jury upon the evidence relating to the connection of the plaintiffs as partners. A witness testified that he knew they were partners from having been in their place of business, from having received letters from them as partners, and from having done business with them as partners, and from reputation. On cross-examination he further stated that he had never seen but two of the plaintiffs, that all he knew about their being in partnership was that one of them stated to him that the persons mentioned were partners and constituted this firm, and that the plaintiffs also wrote to him that they were in partnership. This testimony was all put in without any objection, and the court charged the jury that unless they were satisfied from the evidence that the plaintiffs were partners in business, the verdict should be for the defendants. This was correct. The testimony introduced without objection was certainly relevant, and we cannot say it had no legal tendency to prove the fact. It was sufficient to be passed upon by the jury, who were the proper triers of its sense and weight.— *Drake v. Elwyn, 1 Caines' Rep., 184; 2 Saund. P. & Ev., 705.* The unity of interests in the plaintiffs is not necessarily to be shown by direct proof. It is competent to establish the fact by circumstances. It has been held that the power of one member to subscribe the firm name as accommodation sureties for a third person may be so proved. —*Butler v. Stocking, 4 Seld., 408;* and in *Weed v. Carpenter, 10 Wend, 404,* it was decided that such proof was competent in a suit against an indorser of a note to show that the indorsement which appeared to be in the hand-writing of the maker was authorized by the alleged indorser.

The circumstances in the case before us afforded some evidence leading to the conclusion that the named plaintiffs composed the alleged firm, and there was nothing to contradict or impair it. It was proper for the jury to interpret it and judge of its sufficiency to satisfy their minds. We are not to be understood as intimating that evidence of reputation or hearsay, if objected to, is admissible to prove a partnership. But in allowing it to be introduced in this case without objection, the plaintiffs in error treated it as competent, and they are precluded from making the point in this court that it was not.

The judgment should be affirmed, with costs.

The other Justices concurred.